762 F.2d 1005
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SEBASTIAN ARNOLD, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1406
 United States Court of Appeals, Sixth Circuit.
 4/26/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 Before: MARTIN and JONES, Circuit Judges; and HOLSCHUH, District Judge.*
 PER CURIAM.
 
 
 1
 Sebastian Arnold appeals from the district court's order upholding the Secretary's decision which denied Arnold's claim for social security disability benefits. The sole question on appeal is whether there is substantial evidence to support the Secretary's decision.
 
 
 2
 Arnold was fifty-seven years old at the time of the hearing before the administrative law judge. He has an eleventh-grade education and has worked as a machine builder. Arnold injuried his right knee on June 29, 1981, when he was lifting approximately 60-70 pounds at work. As a result of this injury, Arnold underwent diagnostic surgery on November 11, 1981 and he underwent further surgery on February 8, 1982, at which time the meniscus in his right knee was removed in its entirety.
 
 
 3
 A report by Dr. Peters, Arnold's treating physician, on May 4, 1982, indicated that Arnold was experiencing swelling; a decrease in his range of motion; muscle wasting of the vastus medialis oblique; and pain 'with excessive activity.' A report dated June 14, 1982, stated that x-rays showed degenerative changes in the right knee. The only other report was a letter from Arnold's physician to 'whom it may concern' stating that Arnold would need to be off work for an 'indefinite' period of time.
 
 
 4
 Based on the evidence presented, the administrative law judge concluded that Arnold does not suffer from a 'severe impairment' within the meaning of 20 C.F.R. Sec. 404.1520(c). In other words, he found that Arnold can perform the 'basic work activities' of walking, sitting, standing, lifting, pushing, pulling, etc. See 20 C.F.R. Sec. 404.1521(b). Because he found that Arnold can perform basic work activities, the administrative law judge did not consider Arnold's age, education, and work experience. See Kirk v. Secretary of Health and Human Services, 667 F.2d 524 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).
 
 
 5
 The administrative law judge's determination that Arnold does not suffer from a severe impairment is not supported by substantial evidence. Dr. Peters' reports established the existence of a severe impairment, and no record evidence detracts from that conclusion. Moreover, it is clear from the record that application of the grids in this case would have resulted in a determination of disability. Because Arnold suffers from a severe impairment, the grids should have been applied.
 
 
 6
 This case is therefore remanded to the district court with instructions to remand to the Secretary for an award of benefits.
 
 
 
 *
 Honorable John D. Holschuh, United States District Judge for the Southern District of-Ohio, sitting by designation